UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ENAMUL CHOWDHURY, Individually and on
Behalf of All Other Persons Similarly Situated,

                          Plaintiffs,

        -against-

DUANE READE, INC. and DUANE READE
HOLDINGS, INC.,

                         Defendants.
---------------------------------------------------------------X

**AMENDED COMPLAINT AND JURY DEMAND**

**06 Civ. 2295 (GEL)**

## NATURE OF THE ACTION

1.     Plaintiff alleges on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2.     Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq*.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(a). This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.      Plaintiff Enamul Chowdhury was, at all relevant times, an adult individual, residing in Long Island City, New York, County of Queens.

6.      Upon information and belief, Defendant Duane Reade, Inc. is a New York corporation, with its principal place of business at 440 9th Avenue in the City, County, and State of New York.

7.      Upon information and belief, Defendant Duane Reade Holdings, Inc. is a New York corporation, with its principal place of business at 440 9th Avenue in the City, County, and State of New York.

8.      As used herein, the terms "Defendants" and "Duane Reade" will refer collectively to Duane Reade, Inc. and Duane Reade Holdings, Inc.

9.      Upon information and belief, Duane Reade maintains control, oversight, and direction over the operation of its facilities, including their employment practices.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

10.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were employed by Defendants as daytime or evening assistant store managers and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "FLSA Collective").

11. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

12. Plaintiff also brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for Duane Reade as daytime and/or evening assistant managers at Duane Reade retail drugstores between March 23, 2000 and the date of judgment in this action (the "Rule 23 Class").

13. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants.

14. Defendants has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

15. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

    (a) whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

    (b) what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

    (c) whether Defendants have failed and/or refused to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

    (d) the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

    (e) whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and New York Labor Law; and

    (f) whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the statute.

  16. The claims of the Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and the Rule 23 Class work or have worked for Defendants in their retail drugstores and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week.  Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

  17. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

18. Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## CLASSWIDE FACTUAL ALLEGATIONS

20. Plaintiff sues on his own behalf and on behalf of a class of persons under Federal Rules of Civil Procedure 23.

21. Plaintiff brings his New York Labor Law claim on behalf of all daytime and evening assistant managers who worked at Duane Reade and were not paid proper overtime premium compensation for all hours that they worked in excess of forty in a workweek at any time between March 23, 2000 and the date of final judgment in this matter.

22. All of the work that Plaintiff and the Class Members have performed has been assigned by the Defendants and/or the Defendants have been aware of all of the work that Plaintiff and the Class Members have performed.

23. Upon information and belief, it has been Defendants' policy and pattern or practice to classify daytime and evening assistant managers as executives exempt from coverage of the overtime provisions of the FLSA and New York Labor Law, without reference to the types of duties these workers performed.

24. Upon information and belief, Defendants have not trained Plaintiff and the Class Members, or their supervisors, on the differences between exempt and non-exempt work.

25. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law. This policy and pattern or practice includes but is not limited to:

   (b) willfully failing to record all of the time that its employees, including Plaintiff and the Class Members, have worked for the benefit of Defendants;

   (c) willfully failing to keep payroll records as required by the FLSA and the New York Labor Law;

   (d) willfully misclassifying Plaintiff and the Class Members as exempt from the requirements of the FLSA; and

   (e) willfully failing to pay its employees, including Plaintiff and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

26. Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and the New York Labor Law.

27. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**STATEMENT OF FACTS**

28. At all relevant times, Duane Reade operated retail drug stores in the New York City metropolitan area.

29. Upon information and belief, Defendants operated over 250 such retail drug stores with annual sales exceeding $1.5 billion.

30. Starting in or about July 2004 until in or about February 2006, Plaintiff was employed by Defendants as an assistant store manager at several of its retail drug stores located in the City and State of New York.

31. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

32. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment. Instead, it involved many clerical duties and duties identical to most cashiers and stock clerks.

33. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA and the New York Labor Law.

34. Plaintiff was employed by the Defendants from in or about July 2004 until in or about February 2006.

35. Throughout this time and, upon information belief, both before that time and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff, as daytime or evening assistant store managers who worked in excess of 40 hours a week without proper overtime compensation, in violation of the FLSA and the New York Labor

Law.  The exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

36.     Upon information and belief, consistent with its policy and pattern or practice, Duane Reade did not keep accurate records as required by the FLSA and New York Labor Law.

37.     Consistent with Duane Reade's policy and pattern or practice, Plaintiff regularly worked in excess of 40 hours per week without being paid overtime wages.

38.     Upon information and belief, Duane Reade was or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per week.  Upon information and belief, Duane Reade had on at least one previous occasion been investigated by the United States Department of Labor, and was therefore aware and should have been aware of the existence of the FLSA and its overtime requirements.

39.     Upon information and belief, Duane Reade was aware, or should have been, that these employees, *inter alia*: (a) primarily or solely performed customer-service duties, stocking duties, and other manual labor; (b) performed little or no supervisory functions; (c) wielded little or no discretion in the performance of their duties; and (d) experienced little or no change in their responsibilities or duties when "promoted" from non-exempt titles to their nominally exempt "executive" title.

40.     Upon information and belief, Duane Reade was or should have been aware that Plaintiff and the putative Class were in many or all cases paid wages that did not differ substantially from the wages paid to the non-exempt coworkers these purported "executives" presumably supervised.  Consequently, Duane Reade was or should have been aware that Plaintiff and the putative Class were not "executives" exempt from overtime protections.

41. Upon information and belief, Duane Reade intentionally designated Plaintiff and the putative Class "managers" in order to attempt to justify classifying them as exempt from overtime protections and avoid liability for overtime payments properly due Plaintiff and the putative Class.

42. Duane Reade's failure to pay Plaintiff overtime wages for their work in excess of 40 hours per week was willful.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT
### (Brought on Behalf of Plaintiff and all FLSA Class Members)

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. Duane Reade has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Amended Complaint.

45. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

46. At all times relevant, Duane Reade was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

47. The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Duane Reade.

48. Duane Reade is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

50. Duane Reade has failed to pay Plaintiff and the FLSA Class the overtime wages to which they were entitled under the FLSA.

51. Duane Reade's violations of the FLSA, as described in this Amended Complaint have been willful and intentional. Duane Reade has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

52. Because Duane Reade's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

53. As a result of Duane Reade's willful violations of the FLSA, Plaintiff and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

54. As a result of the unlawful acts of Duane Reade, Plaintiff and the FLSA Class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### NEW YORK LABOR LAW (Unpaid Overtime Wages)
(Brought on Behalf of Plaintiff and all Rule 23 Class Members)

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. At times relevant to this action, Plaintiff was an employee and Duane Reade has been an employer within the meaning of the New York Labor Law.

57. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Duane Reade.

58.     Duane Reade has failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the New York Labor Law.

59.     By Duane Reade's failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

60.     Due to Duane Reade's violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Duane Reade their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest. The Rule 23 Class Members are also entitled to receive notice and, after the determination of class-wide liability and of individual back pay and interest, an opportunity to intervene in this action or to file their own suits and petition individually for liquidated damages, and other relief pursuant to New York Labor Law Article 19, §§ 650 et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Duane Reade as daytime and evening assistant managers in Duane Reade's retail drugstores. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

   B. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations;

   C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

   E. Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

   F. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

   G. Unpaid overtime pay pursuant to N.Y. Lab. Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations (Plaintiff does not seek liquidated damages under the New York Labor Law on behalf of the Rule 23 class);

   H. Pre-judgment interest;

   I. An injunction requiring Defendants to pay all statutorily-required wages pursuant to the New York Labor Law;

   J. After the determination of class-wide liability, of individual damages, and of Defendants' liability for back pay, notice to class members of the opportunity to intervene in this action or to file separate actions to recover liquidated damages under Article 19, § 681(1) of the New York Labor Law.

   K. Attorneys' fees and costs of the action; and

   L. Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       October 11, 2007

By:   /s/ Linda A. Neilan

Seth R. Lesser (SL 5560)
Fran L. Rudich (FR 7577)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838- 5357

Jeffrey M. Gottlieb
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
ReNika C. Moore (RM 3484)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone (212) 245-1000

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS AND COLLECTIVE**

## **CERTIFICATE OF SERVICE**

I, Brian Flanagan, under penalties of perjury, certify the following as true and correct: I am not a party to this action; and I am over 18 years of age. On this 11th day of October 2007, I served a true and correct copy of the foregoing, Amended Complaint and Jury Demand, by causing same to be served via U.S. mail and email to Stephen A. Fuchs, Esq., the attorney of record for Defendants in this action, whose last known address is:

        Stephen A. Fuchs, Esq.
        Littler Mendelson, P.C.
        885 Third Avenue
        New York, NY 10022-4834
        Email: sfuchs@littler.com

_____
Brian Flanagan