## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

KELVIN DAMASSIA, ARNOLD CABALLERO
DAYANAND BALDEO, MARLON FERGUS,
MOHAMMED HOQUE, MUHAMMED KHAWAJA,
IFEANYI MALU, MOURAD MANSY, MAXWELL
OKEKE and DELFIN RUIZ, on behalf of themselves
and all others similarly situated,

            Plaintiffs,

-against-

DUANE READE, INC.,

            Defendant,

------------------------------------------------------------------X

ENAMUL CHOWDHURY, Individually and on
Behalf of All Others Similarly Situated,

            Plaintiff,

-against-

DUANE READE, INC. and DUANE READE
HOLDINGS,

            Defendants.

04 Civ. 08819 (GEL)

06 Civ. 02295 (GEL)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/09

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT OF CLASS ACTIONS

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement and Approval of Plaintiffs' Proposed Notice of Settlement of Class Actions ("Motion for Preliminary Approval") (Docket No. 252) in 06 civ. 2295, 152 in 04 civ. 8819

### I.  Preliminary Approval of Settlement

1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support

of Plaintiffs' Motion for Preliminary Approval, the Declaration of Linda A. Neilan ("Neilan Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Settlement and Release ("Settlement Agreement"), attached to the Neilan Declaration as Exhibit F.

2.  The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980).

3.  The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

4.  The assistance of an experienced mediator, Linda Singer, reinforces that the Settlement Agreement is non-collusive.

**II.   Class Notice**

5.  The Court approves the Proposed Notice of Settlement of Class Actions ("Notice"), which is attached as Exhibit A to this Proposed Order, and directs its distribution to the Class.

6.  The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

7.  Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when

and how members may elect to be excluded; and the binding effect of a
class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

       8.      The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

       9.      The Notice describes the terms of the settlement, explains how class members can participate in the settlement or exclude themselves, informs the class about the allocation of attorneys' fees and service payments, and provides specific information regarding the date, time, and place of the final approval hearing.

### III.   Class Action Settlement Procedure

      10.     The Court hereby sets the following settlement procedure:

      a.     Defendants shall provide the Settlement Administrator with a list, in electronic form, of the names, last known addresses, telephone numbers, and dates of employment of all class members (the "Class List") within 15 days of the date of this Order;

      b.     The Settlement Administrator shall mail the Notice to Class Members within 15 days after receiving the Class List;

      c.     Class Members will have 30 days from the date the Notice is mailed to opt out of the settlement or object to it;

      d.     Plaintiffs will file a Motion for Final Approval of the Settlement within 15 days before the fairness haring;

      e.     The Court will hold a final fairness hearing on June 19, 2009 at 10:30 a.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 6B;

      f.     If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 30 days after the Court enters its Final

Order and Judgment;

        g.      Defendants shall deposit $3.5 million into the interest-bearing escrow account created and controlled by the Claims Administrator within 10 days after the Court's Final Order and Judgment;

        h.      The Claims Administrator will disburse the settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, and the Service Awards to Named Plaintiffs within 5 days of the Effective Date; and

        i.      The parties shall abide by all other terms of the Settlement Agreement.

It is so ORDERED this 25th day of March, 2009.

*[signature]*

Honorable Gerard E. Lynch
United States District Judge