## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELVIN DAMASSIA, ARNOLD CABALLERO DAYANAND BALDEO, MARLON FERGUS, MOHAMMED HOQUE, MUHAMMED KHAWAJA, IFEANYI MALU, MOURAD MANSY, MAXWELL OKEKE and DELFIN RUIZ, on behalf of themselves and all others similarly situated, | **04 Civ. 08819 (GEL)** |

Plaintiffs,

-against-

DUANE READE, INC.,

Defendant,

----------------------------------------------------------------X

ENAMUL CHOWDHURY, Individually and on       **06 Civ. 02295 (GEL)**
Behalf of All Others Similarly Situated,

Plaintiff,

-against-

DUANE READE, INC. and DUANE READE
HOLDINGS,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/27/09

## [~~PROPOSED~~] FINAL ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS

On November 5, 2004, Plaintiff Kelvin Damassia filed the Class Action Complaint in

*Damassia v. Duane Reade, Inc.*, 04 Civ. 8819 (GEL) ("*Damassia*") and, on March 24, 2006,

Plaintiff Enamul Chowdhury filed *Chowdhury v. Duane Reade, Inc.*, 06 CV 02295 (GEL)

("*Chowdhury*"). In both of these actions, Plaintiffs alleged that Defendants had violated the Fair

Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay

assistant store managers overtime compensation. Plaintiffs brought their FLSA claims as collective actions under 29 U.S.C. § 216(b) and their NYLL claims as a class actions under Fed. R. Civ. P. 23. Defendants denied the allegations.

On October 4, 2006, the Court granted Plaintiffs' motion in *Damassia* for court-authorized notice pursuant to § 216 of the FLSA. *Damassia v. Duane Reade, Inc.*, 04 Civ. 8819, 2006 U.S. Dist. LEXIS 73090, at *25 (S.D.N.Y. Oct. 4, 2006). A year later, on October 2, 2007, the Court granted the same motion in *Chowdhury* and ordered that discovery and other pre-trial matters be conducted jointly in these two matters. *Chowdhury v. Duane Reade, Inc.*, 06 Civ. 2295, 2007 U.S. Dist. LEXIS 73853, at *3 (S.D.N.Y. Oct. 2, 2007).

On May 27, 2008, the Court granted Plaintiffs' consolidated motion for class certification in both *Damassia* and *Chowdhury*, certifying the following class: "All persons employed by Duane Reade, Inc. as assistant managers whom Duane Reade classified as exempt from the overtime requirements of the NYLL at any time between November 5, 1998 and the date of final judgment in this matter." *Damassia*, 250 F.R.D. at 154.

After participating in two mediation sessions, including most recently on October 7, 2008 with Linda Singer of JAMS, the parties reached an agreement to resolve these cases. The terms of that agreement are memorialized in the Joint Settlement and Release ("Settlement Agreement"). Without conceding the validity of Plaintiffs' claims and without admitting liability, Defendants agreed to create a Settlement Fund of $3,500,000 to resolve the claims.

On March 25, 2009, the Court entered an order preliminarily approving the settlement and authorizing the dissemination of the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice"). (Docket No.156 in *Damassia* and 256 in *Chowdhury*) (the "Preliminary Approval Order").

On May 7, 2009, the Garden City Group (the "Claims Administrator") sent a Court-approved Notice to all 2,557 Class Members informing them of their right to opt out of or object to the settlement and setting forth Class Counsel's intention to seek from the Settlement Fund $55,000 in service payments for the eleven Named Plaintiffs and $1,500,000 for attorneys' fees and out-of-pocket expenses. No Class Member objected to the settlement or Class Counsel's requests for attorneys' fees, costs, or service payments. Only one Class Member opted out of the settlement.

On July 9, 2009, Plaintiffs filed their Motion for Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"). That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Payments ("Motion for Service Payments"). Defendants took no position with respect to either of these motions and did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on July 24, 2009. No Class Member objected to the settlement.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Payments, the supporting memoranda, the oral argument presented at the July 24, 2009 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the July 24, 2009 fairness hearing, and for good cause shown,

3

## NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

## APPROVAL OF THE SETTLEMENT AGREEMENT

1.    The Court hereby grants the Motion for Final Approval and finally approves the
settlement as set forth in the Settlement Agreement and this Order under Rule 23 and the FLSA.
The settlement is fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P.
23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v.
Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000).)

2.    The $3,500,000 settlement amount is substantial. In reaching this conclusion, the
Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of
contentious arm's-length negotiations, which were undertaken in good faith by counsel with
significant experience litigating wage and hour class actions, and serious questions of law and
fact exist such that the value of an immediate recovery outweighs the mere possibility of further
relief after protracted and expensive litigation. *See D'amato v. Deutsche Bank*, 236 F.3d 78, 85
(2d Cir. 2001) (citing *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-
74 (S.D.N.Y. 2000)); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS
45277, at **8-9 (S.D.N.Y. May 28, 2009); *Mohney v. Shelly's Prime Steak*, 2009 U.S. Dist.
LEXIS 27899, at **12-13 (S.D.N.Y. Mar. 31, 2009).

3.    The Court gives weight to the parties' judgment that the settlement is fair and
reasonable, as well as to the Class's favorable reaction to the settlement. *See Reyes*, 2009 U.S.
Dist. LEXIS 45277, at *9; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *13.

4.    The Court approves the FLSA settlement and finds that the FLSA settlement is a
fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation.
*See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

4

**DISSEMINATION OF NOTICE**

5.      Pursuant to this Court's Preliminary Approval Order, the Notice was sent by first-class mail to each identified class member at his or her last known address (with a remailing of returned Notices). This Court finds that the Notice fairly and adequately advised the members of Class of the terms of the settlement, as well as the right of members of the Class to opt out of the class, to object to the settlement, and to appear at the fairness hearing conducted on July 24, 2009. Class Members were provided the best notice practicable under the circumstances.

6.      The Court further finds that the Notice and distribution of such Notice comported with all constitutional requirements, including those of due process.

7.      The Court confirms The Garden City Group, Inc. as the Claims Administrator.

**AWARD OF FEES AND COSTS TO O&G AND AWARD OF SERVICE PAYMENTS TO NAMED PLAINTIFFS**

8.      On May 27, 2008, the Court appointed Adam T. Klein, Justin M. Swartz, and Linda A. Neilan of Outten & Golden LLP and Seth Lesser and Fran Rudich of Klafter Olsen & Lesser LLP (previously of Locks Law Firm PLLC) as Class Counsel because they met all of the requirements of Fed. R. Civ. P. 23(g). *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008).

9.      Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class Members' claims.

10.     Class Counsel has substantial experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law. *Damassia*, 250 F.R.D. at 165 ("plaintiffs' counsel are experienced in handling wage and hour class actions and have knowledge of the applicable law."); *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *15 (O&G attorneys have "substantial experience prosecuting

and settling . . . wage and hour class actions.")

11.      The work that Class Counsel has performed both in litigating and settling this
case demonstrates their commitment to the class and to representing the class's interests

12.      Class Counsel has committed substantial resources to prosecuting this case.

13.      The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class
Counsel $980,000 in attorneys' fees or 28% of the Settlement Fund.

14.      The Court finds that the amount of fees awarded is fair and reasonable using the
"percentage-of-recovery" method, which is consistent with the "trend in the Second Circuit."
*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005); *Mohney v. Shelly's
Prime Steak*, 06 Civ. 4270 (PAC), 2009 U.S. Dist. LEXIS 27899, at *16 (S.D.N.Y. Mar. 31,
2009) (the "'percentage-of-recovery' method . . . is . . . the trend in the Second Circuit"); *Strougo
ex rel. Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 261-62 (S.D.N.Y. 2003)
(collecting cases); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 483-85
(S.D.N.Y. 1998) (collecting cases). The attorneys' fees requested were entirely contingent upon
success. Class Counsel risked time and effort and advanced costs and expenses, with no ultimate
guarantee of compensation.

15.      Class Counsel is also awarded reimbursement of litigation costs and expenses in
the amount of $85,234.

16.      The attorneys' fees awarded and the amount in reimbursement of litigation costs
and expenses shall be paid from the Settlement Fund.

17.      The Court finds reasonable service awards of $5,000 each to Kelvin Damassia,
Arnold Caballero, Dayanand Baldeo, Marlon Fergus, Mohammed Hoque, Muhammed Khawaja,
Ifeanyi Malu, Mourad Mansy, Maxwell Okeke, Delfin Ruiz, and Enamul Chowdhury as

6

described in Section 3.3 of the Settlement Agreement. These amounts shall be paid from the Settlement Fund.

18.     Such service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff. *See Reyes*, 2009 U.S. Dist. LEXIS 45277, at *13; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at **18-19; *Roberts v. Texaco, Inc.,* 979 F. Supp. 185, 200█ (S.D.N.Y. 1997) ("The guiding standard in determining an incentive award is broadly stated as being the existence of special circumstances including the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by that plaintiff in assisting in the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claims, and, of course, the ultimate recovery.").

**CONCLUSION**

19.     Within 10 days of this Order, Defendants shall deposit $3,500,000 into the interest-bearing account created and controlled by the Claims Administrator ("Escrow Account").

20.     The Claims Administrator will hold back $40,000 from the Escrow Account (the "Reserve Fund") to correct any discrepancies or mistakes from the Settlement Distribution (defined below) and to reimburse the Claims' Administrator for fees and costs incurred after the payment in paragraph 22(c) below.

21.     The "Effective Date" of the settlement shall be 30 days after the date of this Order if no party appeals this Order. If a party appeals this Order, the "Effective Date" of the

7

settlement shall be the day after all appeals are finally resolved.

22.     Within 5 days of the Effective Date, the Claims Administrator will distribute the money in the Escrow Account less the Reserve Fund by making the following payments in the order below:

    a.     Paying Class Counsel attorneys' fees in the amount of $980,000.

    b.     Reimbursing Class Counsel's costs in the amount of $85,234, which the Court finds to be reasonable;

    c.     Paying the Claims Administrator's fees and costs to date from the Settlement Fund;

    d.     Paying $5,000 each to Kelvin Damassia, Arnold Caballero, Dayanand Baldeo, Marlon Fergus, Mohammed Hoque, Muhammed Khawaja, Ifeanyi Malu, Mourad Mansy, Maxwell Okeke, Delfin Ruiz, and Enamul Chowdhury as described in Section 3.3 of the Settlement Agreement.

    e.     Paying the remainder of the money in the Escrow Account less the Reserve Fund to Class Members in accordance with the allocation plan described in Section 3.4 of the Settlement Agreement (the "Settlement Distribution").

23.     The Claims Administrator will distribute the money in the Reserve Fund in accordance with the formula described in Section 3.4 of the Settlement Agreement to any Class Member who did not receive Notice provided that the Class Member contacts Class Counsel or the Claims Administrator within 90 days of the Settlement Distribution.

24.     Within 90 days after the Settlement Distribution, the Claims Administrator will distribute the money in the Reserve Fund to pay the Claims Administrator's additional fees and costs incurred from the Settlement Fund.

25.     If there is more than $40,000 in the Escrow Account 90 days after the Settlement Distribution and after the payment described in paragraph 24, the Claims Administrator shall redistribute the money to Class Members in pro-rata payments based on the formula described in Section 3.4 of the Settlement Agreement. If there is less than $40,000 in the Escrow Account 90

8

days after the after the Settlement Distribution, the money will be donated to a *cy pres* designee

selected by Class Counsel.

26.    The parties shall abide by all terms of the Settlement Agreement and this Order.

It is so ORDERED this **24** day of **July**      , 2009.

Honorable Gerard E. Lynch
United States District Judge